IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria, Virginia

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Case No. 1:05mj203 |
| | ) |
| Larry Palmer, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter came before the court for hearing on defendant's objection to the testimony presented at his probation revocation hearing. The merits of the objection have been fully briefed and argued. For the following reasons, the court finds that the government must produce for cross-examination some witness who has more direct knowledge than defendant's probation officer of the circumstances surrounding the alleged probation violation. A ruling on the question whether production of any particular person satisfies defendant's due process rights must await the event.

### Summary of the Case

On July 26, 2005, this court placed defendant on one year of supervised probation after he pled guilty to the charge of resisting arrest in violation of 18 U.S.C. § 111(a)(1). On May 19, 2006, U.S. probation officer Kelly Bunce submitted a petition to the court asserting that defendant had violated certain conditions of probation and requesting that the court issue a summons directing that defendant appear before the court to show cause why probation should not be revoked. The petition reported that on May 11, 2006, defendant was arrested by Fairfax County police and charged with four counts of distribution of crack cocaine.

The court issued a summons ordering that defendant appear to respond to the allegations in the petition, and an evidentiary hearing was then held on August 29, 2006.

During that hearing, the government called probation officer Bunce to testify as to the violation alleged in the petition.  Ms. Bunce testified that she received a copy of a police report authored by Fairfax County Detective V.M. Scianna, dated April 1, 2006, which recounted the basis for the issuance of an arrest warrant for the defendant in Fairfax County.  Defense counsel objected to Ms. Bunce's statements regarding the police report as violating defendant's rights under the Sixth Amendment to confront witnesses against him, citing *Crawford v. Washington*, 541 U.S. 36 (2004).  The court asked both parties to submit memoranda addressing the objections raised by defense counsel, including whether the Supreme Court's decisions in *Crawford* and in *Davis v. Washington*, 126 S. Ct. 2266 (2006) apply to probation revocation hearings.  A hearing was held on October 24, 2006 for oral argument on the objection.

Two issues are before the court:

1) Do the Supreme Court's recent decisions in *Crawford* and *Davis* apply to probation revocation hearings?

2) If not, did the evidence satisfy defendant's confrontation rights as laid out in *Morrissey v. Brewer*, 408 U.S. 471 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)?

**A. *Crawford* and *Davis* Do Not Apply to Probation Revocation Proceedings**

In *Crawford*, the Supreme Court held that in a criminal trial, evidence of an out-of-court "testimonial" statement is prohibited by the Sixth Amendment unless the witness is available for cross-examination, or the defendant had a previous opportunity to cross-examine the witness. *See* 541 U.S. at 68.  The Court held that this is so even where the testimonial evidence falls within a traditional hearsay exception. *Id.* at 60.  *Davis* refined the definition of "testimonial," holding that "[statements are] testimonial when the circumstances objectively indicate that there is no . . . ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." 126 S Ct. 2273-74.

The evidence offered against defendant in this case was clearly testimonial hearsay.  The police report was prepared with an eye toward prosecution, and it was offered at the hearing through the testimony of a probation officer who had no personal knowledge of the facts alleged

in it.  Thus, *Crawford* and *Davis*, if applicable, would render it inadmissible, despite the traditional rule that hearsay evidence is admissible in probation revocation hearings.

However, the court finds that the Sixth Amendment and the rules announced in *Crawford* and *Davis* do not apply to probation revocation hearings.  The Sixth Amendment, and thus the holdings of *Crawford* and *Davis*, applies only to "criminal prosecutions."  U.S. Const. amend. VI.  The Supreme Court held in *Morrissey, supra*, that parole revocation hearings are not criminal prosecutions within the meaning of the Sixth Amendment and extended that holding to probation revocation hearings in *Gagnon*.  411 U.S. at 782.  Nothing in the language of *Crawford* signaled that the Supreme Court intended that decision to apply to probation revocation hearings or overrule *Morrissey* and *Gagnon*.

Every circuit that has considered the question has reached this conclusion.  *See United States v. Rondeau*, 430 F.3d 44, 48 (1st Cir. 2005); *United States v. Aspinall*, 389 F.3d 332, 342-43 (2nd Cir. 2004), *abrogated on other grounds*, *United States v. Fleming*, 397 F.3d 95 (2d Cir. 2005); *United States v. Kirby*, 481 F.3d 621, 627-28 (6th Cir. 2005); *United States v. Martin*, 382 F.3d 840, 845 (8th Cir. 2004); *United States v. Hall*, 419 F.3d 980, 985-86 (9th Cir. 2005).  This court follows their persuasive authority.

**B. *Morrissey* and *Gagnon* Require that the Government Produce Some Other Witness to Satisfy Defendant's Confrontation Rights**

Although *Crawford* and *Davis* do not apply, the law still accords defendant some confrontation rights in a probation revocation proceeding.  *Morrissey v. Brewer, supra*, held that though the "full panoply of rights due a defendant in [a criminal prosecution] does not apply to parole revocations," a parolee is entitled not to have his parole revoked without due process.  408 U.S. at 475.  The Court further held that a parolee's due process rights include the right to "confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)."  *Id*. at 489.  The Court held in *Gagnon v. Scarpelli, supra*, that the same principles apply to probation revocation proceedings.  *See* 411 U.S. at 782.  These

decisions are embodied in Fed. R. Crim. P. 32.1(b)(2)(C), which provides that a defendant facing revocation of supervised release is "entitled to . . . an opportunity to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear."

The Fourth Circuit has held that hearsay evidence is admissible in probation revocation proceedings if it is sufficiently reliable.  *See United States v. McCallum*, 677 F.2d 1024, 1026 (4th Cir. 1982).  In *United States v. Perkins*, 8 Fed. Appx. 191 (4th Cir. 2001) (unpublished), the Fourth Circuit considered the admissibility of a letter drafted by the defendant's probation officer stating that defendant had violated probation.[1]  The court recited the standard set forth in *McCallum* and reviewed the different approaches other courts have taken in determining whether the government has shown good cause for not allowing confrontation.  *Id.* at 193.  Without explicitly endorsing a balancing test, the court engaged in a fact-specific assessment of the reliability of the probation officer's letter, noting for instance that the statement constituted double hearsay and was not corroborated by other evidence.  *Id*. at 193-94.  The court also explicitly considered that the lower court had relied "almost exclusively" on the unreliable evidence to revoke probation, and noted that the government had not made "even a minimal showing of good cause" as to why it could not produce live witnesses at the hearing.  *Id.*

Other circuits have engaged more explicitly in a balancing test, weighing a defendant's interest in confrontation against the reliability of the evidence and the reasons given by the government for not producing the witness.  *See, e.g., Rondeau, supra*, 430 F.3d at 48-49; *Martin, supra*, 382 F.3d at 845.  At least one Circuit has held that the balancing analysis need not be

---

[1] It is not clear whether the court's analyses in *McCallum* and *Perkins* concerned a defendant specifically asserting his right to confront the witness or more general objections to the admission of hearsay evidence.  However, in the context of probation revocation hearings, in which hearsay is normally admissible, a finding that a given piece of hearsay evidence is admissible is essentially a finding that confrontation is not necessary in that particular case.  The court in *Perkins* cited to cases where the issue was squarely a defendant's right to confront witnesses against him and seems to have treated the issue as such.

undertaken where the challenged evidence falls within a traditional hearsay exception. *See Aspinall*, *supra*, 389 F.3d at 343-44.

The court finds that due process requires that this defendant be able to cross-examine some witness with more direct knowledge of the alleged violation that the government has offered to revoke probation.

As explained above, *Gagnon* preserved a defendant's confrontation rights for probation revocation in some circumstances, stating that "in some cases there is simply no alternative to live testimony." 411 U.S. at 782. The Fourth Circuit has focused on the reliability of proffered hearsay evidence in determining whether it is proper to admit that evidence without the benefit of live testimony. In the circumstances presented here, a fact-specific analysis of the reliability of the hearsay evidence is appropriate where the reliability of the evidence offered has been sufficiently called into question. *Perkins* suggests that the court should also consider the importance of the relevant piece of evidence to the government's case, the defendant's interest in being able to cross-examine the witness, as well as the government's reasons for not producing live testimony.

Many statements made in police reports are inherently subjective and, to that extent at least, unreliable absent an opportunity to test them. The District of Columbia Circuit, in the context of parole revocation, has compared the reliability of a detailed police investigative report based on an affidavit with the general unreliability of a probation officer's summary of a regular police report. *See Crawford v. Jackson*, 323 F.3d 123, 128-31 (D.C. Cir. 2003). Noting that several circuits have questioned the reliability of police reports, the court wrote:

> [G]iven judicial concern in light of the protections guaranteed by *Morrissey*, a parole authority takes a certain risk that its decision to revoke parole will not be judicially sustained where it relies solely on hearsay contained in a police investigative report as the basis for its decision. As the circuits' expressions of concern suggest, that risk is measurably lessened only in circumstances that demonstrate the strong reliability of the hearsay evidence.

*Id.* at 129.

5

*See also Bell*, 785 F.2d at 643-44 (comparing the reliability of police reports to drug tests, "[p]olice reports are inherently more subjective than laboratory reports of chemical tests . . . . While police reports may be demonstrably reliable evidence of the fact that an arrest was made . . . they are significantly less reliable evidence of whether the allegations of criminal conduct they contain are true.").

In another approach to determining reliability, in *Aspinall*, the Second Circuit affirmed its holding that a balancing analysis is inapplicable where the out-of-court statement falls within an established hearsay exception. 389 F.3d at 343-44. While the Federal Rules of Evidence do not apply to probation revocation hearings, the court concluded that reference to the hearsay exceptions contained in those rules serves as a useful proxy for the reliability of evidence. Conversely, where the Federal Rules of Evidence implicitly question the reliability of a type of evidence by excluding it from the hearsay exceptions, the balancing test is proper. Police reports are specifically excluded from the Federal Rules of Evidence exception to hearsay for public records. *See* Fed. R. Evid. 803(8)(B).

In this case, the government has not argued that the police report would have been admitted under any traditional hearsay exception. Thus, the Second Circuit's approach argues against the reliability of the hearsay evidence offered in this case.

While the police report is of course not devoid of reliability, it is subject to greater scrutiny because in the circumstances presented here, defendant's confrontation interests are significant. Defendant was not afforded a sufficient chance to call that evidence into question where the only testimony was given by a probation officer with no personal knowledge as to the events described in the report. The alleged acts of drug distribution were the lone evidence offered as grounds for revoking his probation, and he disputed the accuracy of the report upon which the arrest warrant was issued. A finding that he did violate his probation may result in a jail sentence.

Morever, the government has not demonstrated that any significant cost or burden would attend producing a knowledgeable witness.  The arresting officer is a member of the Fairfax County police and presumably those with the most relevant knowledge about the incident are located nearby.  At the hearing on August 29, the government raised concerns about producing the police officer because of the ongoing criminal prosecution in Fairfax County.  Whatever burden this may impose does not outweigh the defendant's significant interest in being able to test the government's evidence

## Conclusion

For the reasons stated above, the court finds that the testimony at the hearing was not sufficient to ensure defendant's due process rights were protected.  The court does not at this time direct the government to produce any particular witness.  However, it must produce for cross-examination some witness, other than defendant's probation officer, who has sufficiently direct knowledge of the circumstances surrounding the alleged probation violation to satisfy the requirements of due process discussed above.  The matter is continued to December 5, 2006, for further proceedings.

It is so ORDERED.

                                                          /s/
                                       Thomas Rawles Jones, Jr.
                                       United States Magistrate Judge

November 15, 2006
Alexandria, Virginia